IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. |
| ) | 5:21-CR-009-LGW-BWC-16 |
| JUAN FRANCISCO ALVAREZ CAMPOS ) | |

<u>MOTION TO DISMISS FOR MISJOINDER</u>

Comes now Defendant Juan Francisco Alvarez Campos, by and through undersigned counsel, and hereby files this Motion To Dismiss. The Grand Jury violated Fed.R.Crim.P. 8(b) by indicting Defendants who are not linked by a common "act or transaction, or in the same series of acts or transactions …'.

Mr. Campos will first review the indictment. Next, Defendant will go over the rules used to evaluate whether an indictment properly joined multiple Defendants. Finally, Mr. Campos will show that the Government here violated Fed.R.Crim.P. 8(b) when it joined together three groups whose individual alleged crimes have no connection with one another.

**THE INDICTMENT**

The indictment alleges a far-flung scheme to supposedly engage in mail fraud and money laundering as part of a forced labor trafficking scheme. All 24 Defendants are named in three separate conspiracies (mail fraud, forced labor and money laundering). A few Defendants are named in substantive wire fraud or forced labor

crimes. Three Defendants are charged with trying to influence a Grand Jury Witness. Mr. Campos is named only in the three conspiracy charges, the object of which were to commit mail fraud, forced labor crimes and money laundering.

In its "speaking indictment" the Government sets out in paragraphs 14-37 its basic view of both the allegations and the role of each Defendant. A close review demonstrates that the Government has brought charges against three groups that are not connected with one another.

Paragraphs 14-24 alleges a series of connections between and crimes committed by the first eleven named Defendants. Paragraphs 25-34 allege crimes and connections by the next ten named Defendants. Finally, paragraphs 35-37 allege connections among and crimes committed by the last three named Defendants.

Paragraphs 63-a through 63-iii allege the "overt acts" allegedly in furtherance of the supposed mail fraud conspiracy set out in the first Count. While these paragraphs demonstrate internal connections <u>among</u> members in each of the three groups, there is no allegation of a connection <u>between</u> the groups. The same is true for the remaining counts of the indictment. The only connection is that all the alleged crimes arose out of the farm labor context in the Southern District.

The Government has lumped charges together in a single indictment that are not connected to one another, except for the subject matter. This is insufficient to join all 24 accused individuals in the same case. Even if joinder is appropriate, Mr. Campos's case should be severed from the other Defendants pursuant to Fed.R.Crim.P. 14.

The Government has lumped together in one indictment charges that are not connected to one another. The face of the indictment clearly shows that the grand jury violated Rule 8 by lumping together all of the Defendants in this case.

## LEGAL STANDARDS ON JOINDER

Mr. Campos will first review the language of the Rule. Next, Defendant will discuss the focus of the Court's inquiry, and the policy considerations behind either allowing or disallowing joinder.

### A. The Rule

Rules for joining charges or individuals are found at Rule 8 of the Federal Rules of Criminal Procedure. Rule 8(b) describes situations in which multiple Defendants can be charged together in the same indictment.

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in

one or more counts together or separately and all of the defendants need not be charged in each count.

### B. Focus of the Inquiry

Joinder can be challenged in a variety of ways and at various points during a federal criminal case. Mr. Campos will first look at cases discussing where a Court should focus its inquiry when joinder is challenged prior to trial.

When initial joinder is challenged prior to trial, the Rule 8(b) analysis requires an examination of the allegations stated on the face of the indictment. United States v. Weaver, 905 F. 2d 1466, at 1476 (11th Cir. 1990)(finding improper joinder against two Defendants named in cocaine conspiracy but not in marijuana conspiracy alleged against remaining Defendants); United States v. Morales, 868 F. 2d 1562, 1567 (11th Cir. 1989).

Judge Kaplan in the Southern District of New York applied this principle in United States v. Stein, 2008 WL 2971586 (S.D. N.Y. July 31, 2008). Counts 1-40 alleged conspiracy and substantive charges there against a group of Defendants arising out of a tax shelter scheme. Counts 41-44 only related to the supposed unreported income for a Defendant named Ruble. At first, Judge Kaplan denied a Motion challenging the joinder of all these counts together. Later, the Judge noted that the proper inquiry looks only at the face of the indictment and does not assess any

4

possible evidence that might arise at trial. Judge Kaplan noted that while the Government claimed that the evidence at trial would show that the unreported income at issue in Counts 41-44 came from the tax shelter scheme, the indictment itself made no such explicit connection. As a result, the Court held that Counts 41-44 were improperly joined with the remaining charges.

At this stage the Court must focus solely on the allegations in the indictment. Sometimes, Judges are tempted to hypothesize that there are connections between certain charges or Defendants. Courts have routinely rejected this practice. In <u>United States v. Mackins</u>, 315 F. 3d 399 (4th Cir. 2003) the Fourth Circuit found improper joinder when bank fraud charges against one Defendant were combined with drug and money laundering charges against that Defendant and two others who were not named in the bank fraud allegations. Just as in the present indictment, the only thing the various charges in <u>Mackins</u> had in common with each other was that one of the individual Defendants was named in each Count. However, "the indictment does not allege any explicit connection between [the bank fraud and drug and money laundering charges]." The District Judge had denied the Defendants' pretrial severance motions by hypothesizing that the bank fraud could have been used as part of the money laundering caper. However, nothing in the indictment itself supported this hypothesis, and there were no

allegations of any such connection. As a result, the joinder there was found to be improper.

When a Defendant challenges joinder of individuals prior to a federal criminal trial, the Court must look only at the face of the indictment. Hypothesizing about some connection between charges and individuals is improper. With this focus in mind, Mr. Campos will next turn to some of the policies underlying Fed.R.Crim.P. 8(b).

### C. Policies Behind the Rule

Courts often note that Rule 8 is designed to promote "judicial economy". However, this is not the only purpose of the Rule. A "countervailing purpose of Rule 8(b) is to prevent the cumulation of prejudice growing out of charging several Defendants with similar but unrelated offenses." United States v. Weaver, supra (citations and internal quotations omitted). "When…the connection between different groups is limited to a few individuals common to each but those individuals commit separate acts which involve them in separate offenses with no common aim, then the requisite substantial identity of facts or participants is not present." Id., quoting United States v. Nettles, 570 F. 2d 547, 551 (5th Cir. 1978). In other words, a pretrial challenge to joinder requires that the Court balance judicial efficiency against the prejudice

to Defendants who are forced to endure a trial where lots of evidence not admissible against them will be heard.

Furthermore, the goal of judicial economy can often be better achieved through a severance of improperly joined counts. United States v. Mackins, supra, demonstrates this principle. The Government in Mackins pointed to the "judicial economy" policy when arguing that joinder was proper. The Fourth Circuit rejected this contention.

> [W]e note that the joinder of the counterfeit check counts involving only Willie Mackins with the drug and money laundering conspiracy charged against Mackins and all other defendants offered minimal advantages in terms of judicial efficiency. When, as here, "the offenses [arose] out of separate and unrelated transactions, there is ... little saving in time and money in having a single trial."

Id., 315 F. 3d at 413, n. 7. Accord, United States v. Sprouse, 2009 WL 426547 at *5 (W.D. N.C. Feb. 19, 2009)(finding improper joinder of perjury and obstruction charges naming one Defendant when charges were included in indictment against other Defendants).

**JOINDER HERE IS IMPROPER**

Under Rule 8(b), joining all of these Defendants together in a single indictment is improper. The indictment does not allege that the separate Defendants all participated in the "same act or transaction." Likewise, the Grand Jury did not allege that all of

7

the Defendants engaged "in the <u>same</u> series of acts or transactions." As a result, joinder is improper and the Court must order a severance of the Defendants from one another.

The only aspects in common are allegations that all of the crimes arose out of farm labor activities in the Southern District. There are no allegations that the three separate groups knew each other or operated in common with one another. The indictment does not make factual allegations common to all counts, other than the obvious facts about the operation of the farm labor industry. These allegations are not sufficient to join the three separate and disparate groups of Defendants together in a single indictment.

The Defendants will suffer obvious prejudice if they are forced to endure a trial on these improperly joined Counts. The cure for this prejudice is to force the Government to comply with Rule 8(b) and get separate indictments against each of the three groups of Defendants. As a result, Mr. Campos asks that this Court recommend that this Motion be granted.

*(signature on following page)*

Dated: This 15th day of December, 2023.

                                        Respectfully submitted,

                                        */s/ Paul S. Kish*
                                        PAUL S. KISH
                                        Georgia State Bar No. 424277
                                        Attorney for JUAN ALVAREZ CAMPOS

Kish Law LLC
229 Peachtree Street, NE
Suite 2505
Atlanta, Georgia 30303
404-207-1338
paul@kishlawllc.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 15th day of December, 2023.

/s/ Paul S. Kish
PAUL S. KISH
Georgia State Bar No. 424277
Attorney for JUAN ALVAREZ CAMPOS

Kish Law LLC
229 Peachtree Street, NE
Suite 2505
Atlanta, Georgia 30303
404-207-1338
paul@kishlawllc.com