IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO 5:21-CR-009-16 |
| ) | |
| JUAN FRANCISCO ALVAREZ CAMPOS ) | |

**THE UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT JUAN CAMPOS MOTION TO SUPPRESS**

The United States opposes Defendant Juan Campos' Motion to Suppress Because Warrant Not Supported By Probable Cause. Doc. 805. The federal search warrant was valid and supported by probable cause. Thus, the motion is properly denied.

**1.   General Standards Relating to Search Warrants:**

Standing:

The Fourth Amendment "protects people, not places." *Katz v. United States*, 389 U.S 347, 351 (1967). A defendant has standing to challenge the admission of illegally obtained evidence only if there is a personal violation of a legitimate expectation of privacy. The expectation must be both subjectively held and objectively reasonable. *Id*.

Probable Cause:

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350 (11th Cir. 1999) citing *United States v. Gonzalez*, 940 F.2d 1413 (11th Cir. 1991).

"Probable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The issuing judge is entitled to rely on the opinions and conclusions of experienced law enforcement affiants, who may ascribe entirely different meaning to seemingly innocent conduct because of their experience and training. *United States v. Harden*, 2023 WL 3933373 (SDGA 2023), internal citations omitted. With regard to a suspect's home, there is a recognized "common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained. In normal situations, few places are more convenient than one's residence for use in planning criminal activities and hiding the fruits of a crime." *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009), citing *United States v. Green*, 634 F.2d 222, 226 (5th Cir. 1981).

<u>Deference should be given</u>: There is a deferential review of probable cause in a suppression context. The reviewing court should not review the affidavit *de novo* for probable cause. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). The court's task is "simply to ensure that the magistrate (or judge) had a substantial basis for… concluding that probable cause existed." *Id.* The practical nature of evaluating probable cause in a search warrant application "justifies great deference' upon review and calls for upholding the judge's findings even in marginal or doubtful cases." *Id.*, see also *Illinois v. Gates*, 462 U.S. 213 (1983), *United States v. Brundidge*, 170 F.3d 1350 (11th Cir. 1999). Defendants have the burden of proof to establish the warrant

was defective.  *United States v. Harden*, 2023 WL 3933373 (SDGA 2023) citing *United States v. Gonzalez-Renera*, 2021 WL 9758616, at *3 (NDGA 2021).

    **2.    Defendant has failed to establish standing to contest the seizure of evidence.**

Although Defendant Campos moves to suppress evidence related to the search of 663 Kermit Mann Road, Lot 4, Lyons, Georgia, hereinafter referred to as "Target Location 24," he fails to address his standing to suppress evidence that was seized from the residence.  Therefore, absent some showing of a subjective expectation of privacy that is objectively reasonable, the Court should deny his motion to suppress.

    **3.    There was probable cause to search Target Location 24.**

On November 17, 2021, upon application for a warrant submitted by US DOL OIG SA Kelly Linemann, United States Magistrate Judge Benjamin Cheesbro issued a search warrant to search Target Location 24.  Docs. 172-173.  As noted in the signed warrant, **the Judge specifically found probable cause** to search and seize the property described in the affidavit and attachments.  Doc. 172.  This Court should not disturb the Magistrate's findings.

The 50-page affidavit established probable cause that a crime was committed, and that evidence would probably be found at that location.  The affiant is a seasoned law enforcement agent with over two decades of experience with specialized knowledge about the H-2A Visa Program, Human Trafficking, and the crimes being investigated.  Doc. 172-1, ¶¶ 1-5.  The affiant provided an overview of the H-2A program.  As noted in paragraphs 9-23, the H-2A Visa program is a lawful program that allows farmers to use migrant workers to work in approved agricultural farms

for a specific time period, conditioned on certain hard line rules. Truthful paperwork must be submitted to and approved by the government. The paperwork is submitted and signed under penalty of perjury. The program requires workers to work at identified pre-approved locations. The workers must be provided transportation to and from the approved locations. The workers must be housed in suitable, pre-approved housing. The workers cannot be charged a fee to apply for the program. Once in the United States, the workers must work in accordance with the pre-approved contract and must be paid U.S. wages in accordance with the contract. Workers cannot be sold or transported to non-approved locations. If a migrant worker absconds, the employer has a duty to report the absconder. Workers must be provided with transportation back to the home country at the conclusion of the time period. There are other requirements outlined in the affidavit. Doc. 172-1.

The affiant outlined the overview of the criminal investigation. *Id*. ¶¶ 24-112. The affidavit outlined various investigative techniques that were employed, the targets of the investigation, the target locations to be searched, specialized knowledge related to labor trafficking organizations and why agents believed there was probable cause that evidence would be found at the particular locations. *Id*. There was probable cause that crimes were being committed.

Since 2018, the Department of Homeland Security Investigations (HSI), the Diplomatic Security Service (DSS), the Federal Bureau of Investigation (FBI), and the United States Postal Service (USPS) had been investigating a transnational criminal organization (TCO) for fraudulently using the H-2A visa program to smuggle

4

migrant workers from other countries into the United States under the pretext of being agricultural workers. Members of this conspiracy, lied, cheated, and stole from the United States by submitting false paperwork; and members lied, cheated, stole, and exploited migrants looking for a better life. *Id*. ¶¶ 24-30.

Agents used a number of investigative techniques to establish probable cause. Agents reviewed labor certification documents, immigration documents, and visa documents from the Department of Labor, Immigration, and the Department of State. Agents reviewed email records from search warrants, conducted a grand jury investigation, conducted a financial analysis, reviewed social media evidence obtained from search warrants, interviewed confidential sources (CS), interviewed witnesses and victims, reviewed evidence from border searches, conducted undercover operations, conducted wiretaps, used GPS tracking warrants, conducted physical surveillance, and executed search warrants. **All of this evidence helped the grand jury determine probable cause to indict Defendant Campos, Defendant Margarita Rojas Cardenas, and the other defendants for the crimes outlined in the affidavit**.[1] This information also helped establish probable cause that evidence of the crimes would probably be found at the listed locations. *Id*. ¶¶ 25-112.

In this case, conspirators, including Defendant Campos and Defendant Margarita Rojas Cardenas, were part of a transnational criminal organization (TC0)

---

[1] The federal grand jury found probable cause that Defendant Campos, Defendant Margarita Rojas Cardenas, and his other conspirators violated federal laws and returned an indictment against Defendant Campos and his other conspirators *prior* to the submission or execution of the search warrants at issue.

that fraudulently used the H2A program to smuggle foreign nationals into the United States under the pretext of being agricultural workers. This TCO submitted fraudulent H-2A applications to the government to fool the government into sending migrant workers to the US under the pretext that they would be working in compliance with the application. This TCO unlawfully charged foreign nationals a fee or smuggling debt to obtain the H-2A Visa. The organization bribed Georgia Department of Labor employees to unlawfully approve housing. The organization did not pay the workers pursuant to the terms of the contract, moved the workers to unapproved locations, and held workers' identification documents to pay off debts. *Id.* ¶¶ 26-29.

Beyond the federal indictment wherein the federal grand jury found probable cause that Defendant Campos, Defendant Margarita Rojas Cardenas, and their conspirators violated federal laws (as noted in the affidavit), there was substantial evidence demonstrating probable cause that Defendant Campos, Defendant Margarita Rojas Cardenas, and others were engaged in this conspiracy and that Target Location 24 would probably have evidence of the crimes at the location. *Id.* at ¶¶ 69-112.

Agents determined that Defendant Margarita Rojas Cardenas recruited foreign worker to enter the United States under the H-2A visa program. Agents also determined that Defendant Margarita Rojas Cardenas would unlawfully hold foreign workers' identification documents after they entered the United States to prevent them from leaving. Agents also determined that Defendant Margarita Rojas

Cardenas laundered money for the criminal organization by smuggling cash across the border and by funneling cash through casinos. Agents further determined that Defendant Margarita Rojas Cardenas worked with other conspirators to file fraudulent Petitions to bring in foreign workers into the United States under the H-2A visa program. *Id.* ¶ 45.

Agents also determine that Defendant Campos managed the foreign workers who entered under the H-2A visa program and that he was an associate of Defendant Bussey. *Id.* ¶ 46. The affidavit further identified Defendant Bussey as a former State of Georgia Department of Labor employee, who filed fraudulent Petitions to bring in foreign workers into the United States under the H-2A visa program. *Id.* ¶ 50.

Agents determined that Target Location 24 was the residence of Defendant Margarita Rojas Cardenas and was listed on Defendant Margarita Rojas Cardenas' driver's license. Agents explained that they had a federal arrest warrant for Defendant Margarita Rojas Cardenas in connection with the investigation and had reason to believe that Defendant Margarita Rojas Cardenas was located at Target Location 24. *Id.* at ¶ 106-108.

Agents explained that they went to Target Location 24, arrested Defendant Margarita Rojas Cardenas, and believed Target Location 24 was used to store vehicles used to transport H-2A workers. *Id.* at ¶¶ 108-112. Agents observed that Target Location 24 was surrounded by a metal wire fence, had at least one trailer, and multiple surveillance cameras, which the agents believed were used to detect law enforcement. *Id.* at ¶ 109-110. Agents also observed that Target Location 24 had an

unusual number of vehicles inside the metal fence, namely, twenty-four vehicles, and four ATV vehicles. *Id.* at ¶ 111. The vehicles included four yellow school busses, one white tour-bus style van, one 18 passenger van, a red 14 passenger van, and a Chevy Astro van. *Id.* Thus, the agents concluded that Target Location 24 was used to store vehicles used to transport H-2A workers to unapproved locations. *Id.* at 112.

The affiant, through her training and experience, her participation in this investigation and other similar investigations, established probable cause that members of the TCO would keep records and evidence at their home (and other places). *Id.* at ¶¶ 70-92.

These facts, combined with the grand jury indictment, demonstrate adequate probable cause that Defendant Margarita Rojas Cardenas, Defendant Campos, and other conspirators, committed the alleged offenses. These facts also demonstrate why there is probable cause to believe that evidence of the crime would be found at Target Location 24.

### 4. The Good Faith Doctrine Applies

Under the good faith exception, the Court will not suppress evidence obtained pursuant to a warrant unless (1) the issuing judge was knowingly misled by information the affiant knew, or should have known, was false; (2) the issuing judge "wholly abandoned his/her role;" (3) the application was so lacking indicia of probable cause to render reliance upon it unreasonable; or (4) the warrant was so facially deficient that reliance upon it was unreasonable. *United States v. Leon*, 468 U.S. 897, 923 (1984). The exclusionary rule is designed to deter unlawful police conduct. When

law enforcement officers act in good faith and in reasonable reliance upon a judge's order, exclusion is not warranted because there is no unlawful conduct to deter. *United States v. Travers*, 233 F.3dd 1327, 1329 (11th Cir. 2000). Defendant Campos presents nothing to suggest that the good faith exception would not apply in this case. Thus, even if errors were made in the issuance of the search warrant, the good faith exception apples and this Court should deny the suppression motion.

        Respectfully submitted,

        JILL E. STEINBERG
        UNITED STATES ATTORNEY

BY:   */s/ Tania D. Groover*

        Tania D. Groover
        Criminal Chief
        Georgia Bar No. 127947
        Post Office Box 8970
        Savannah, Georgia 31412
        Telephone: 912-652-4422
        Facsimile: 912-652-4388
        E-mail: tania.groover@usdoj.gov

BY:   */s/ E. Gregory Gilluly, Jr.*

        E. Gregory Gilluly, Jr.
        Deputy Criminal Chief
        Tennessee Bar No. 019397
        Post Office Box 8970
        Savannah, Georgia 31412
        Telephone: 912-652-4422
        Facsimile: 912-652-4388
        E-mail: greg.gilluly@usdoj.gov